# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER E. WASHINGTON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 1:09-CV-1-TS |
| PARKVIEW HOSPITAL, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

While he was incarcerated, *pro se* Plaintiff Christopher E. Washington filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983. He has since been released. This matter is before the Court pursuant to its statutory screening obligation. *See* 28 U.S.C. § 1915A.

## BACKGROUND

According to the Complaint allegations, the Plaintiff was leaving his mother's house when a police officer in an "unmarked uniform and in an unmarked vehicle" approached him from behind yelling "hey." (Compl. 3, DE 1.) The Plaintiff turned to see a gun in his face. Not knowing it was a police officer, and fearing he was about to be robbed or shot, the Plaintiff fled in a panic. As he crossed the street, a speeding car struck him. The Plaintiff's Complaint recounts a series of unfortunate events that followed. As a result of being struck by the car, the Plaintiff sustained several injuries, including a broken leg. He went to Parkview Hospital for treatment. A week after his discharge from Parkview, the Plaintiff returned for treatment of an infection in his leg, and his leg had to be amputated at the knee. The Plaintiff contends that he contracted the leg infection during surgery at Parkview. The Plaintiff also alleges that Parkview staff gave him medicine to which he is allergic and released him too soon after amputating his

leg. The Plaintiff has sued three Defendants: the Allen County Sheriff's Department, Parkview Hospital, and Indiana Farm Bureau Insurance Company (IFBI), the insurance company he claims insured the driver of the car that hit him.

**SCREENING STANDARD**

The Plaintiff has sued the Defendants pursuant to 42 U.S.C. § 1983. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who has deprived him of the right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court will review the *pro se* Plaintiff's Complaint more liberally than it would one that was drafted by a trained attorney. *See Erickson v. Pardus*, 551 U.S. 89, —, 127 S. Ct. 2197, 2200 (2007) (per curiam).

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). The Supreme Court has articulated the factual allegations required survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is

plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor. However, the Court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 1950.

A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

**DISCUSSION**

The Plaintiff asserts that he is suing the Allen County Sheriff's Department for "police brutality and causing me to get run over." (Compl. 3.) "If, under the totality of circumstances, a police officer unreasonably seizes a person by using excessive force, he has violated that

3

person's Fourth Amendment rights." *Lester v. City of Chi.*, 830 F.2d 706, 712 (7th Cir. 1987); *see also Tennessee v. Garner*, 471 U.S. 1, 8 (1985) (stating that the Fourth Amendment's guarantee of reasonableness "depends on not only how a seizure is made, but also how it is carried out"). In Fourth Amendment excessive use of force cases, the question is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

The Plaintiff has alleged that the arresting officer acted unreasonably when he approached him from behind with a drawn gun, but did not identify himself as a police officer. Giving the Plaintiff the benefit of the inferences to which he is entitled at the pleading stage, he states a claim for unreasonable seizure under the Fourth Amendment. *Cf. Brokaw v. Mercer County*, 235 F.3d 1000 (7th Cir. 2000) (finding that the plaintiff stated a Fourth Amendment claim "premised on the manner in which the defendants allegedly seized him—dressing in plain clothes, driving an unmarked car, entering his home in the evening without knocking or identifying themselves, and then refusing to do so when asked").

Although the Plaintiff provides sufficient factual detail to state a claim under the Fourth Amendment, he has not named a defendant who can be sued under §1983. The Sheriff's Department is a division of a municipal entity and does not have a legal existence separate from it. *See, e.g., Wagner v. Washington County*, 493 F.3d 833, 835 (7th Cir. 2007) (stating that the plaintiff "actually named the sheriff's department instead of the county, but the department is a division of the county and not a justiciable entity"); *Whiting v. Marathon County Sheriff's Dept.*, 382 F.3d 700, 704 (7th Cir. 2004) (stating that the plaintiff's "claims against the Sheriff's Department are also doomed" and that "the Marathon County Sheriff's Department is not a legal entity separable from the county government which it serves and is therefore, not subject to

suit"). The potential defendants for the Plaintiff's Fourth Amendment claim are (1) the individual sheriff's department officer involved in the incident, or (2) the county government. Although it appears from the Complaint that the Plaintiff wanted to sue a governmental entity when he named the Sheriff's Department, he has not alleged facts from which municipal liability can plausibly be inferred.[1] But the Plaintiff does not name as a defendant the officer who startled him, or otherwise identify this officer. The Plaintiff does identify other officers who may know the plainclothes officer's identify, and police reports of the incident likely contain this information. Thus, the Plaintiff will be allowed to proceed with limited discovery to obtain the identity of the officer and amend his Complaint to add him as a Defendant.

Next, the Plaintiff claims that Parkview Hospital is responsible for the infection he developed during surgery on his broken leg. He further claims that the Hospital neglected him after the amputation by giving him medicine that caused an allergic reaction, and by prematurely releasing him. To state a claim under § 1983, a defendant must have acted under color of state law when it deprived a plaintiff of a federal right. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). As explained by the Seventh Circuit:

> For the individual defendants to act "under color of state law" for § 1983 purposes means to misuse power, possessed by virtue of state law and made

---

[1] By naming the Sheriff's Department, the Plaintiff has attempted to hold the officer's employer liable, but *respondeat superior* does not apply to § 1983 claims. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). The Complaint does not contain any facts to support the inference that a policy or widespread practice of the county was the moving force behind the alleged constitutional violation. *See Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007) (providing ways that a plaintiff may demonstrate that an official policy caused his injury). Nor is there any allegation, or facts to plausibly infer, that the Plaintiff's injury was caused by the presence or lack of a training policy or custom. *See Palmer v. Marion County*, 327 F.3d 588, 597 (7th Cir. 2003) (recognizing that municipal liability may attach if a training policy or custom, or lack thereof, reflects a showing of deliberate indifference on the part of a municipality to the constitutional rights of its inhabitants). Therefore, the Complaint's allegations do not raise the right to relief against the county above the speculative level, and "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Pleading facts that are merely consistent with a particular defendant's liability falls short of the plausibility required to set forth a claim. *Id.*

5

> possible only because the wrongdoer is clothed with the authority of state law. As a result, acts by a state officer are not made under color of state law unless they are related in some way to the performance of the duties of the state office.

*Thurman v. Village of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006) (quotation marks, brackets, and citation omitted).

Even if Parkview Hospital operates under state licensing or certification and receives public funds, these circumstances do not make it a state actor for purposes of a §1983 action. *See Torrence v. Advanced Home Care, Inc.*, No. 08-CV-2821, 2009 WL 1444448, *8 (N.D. Ill. May 21, 2009) (citing *Turner v. Jackson Park Hosp.*, 264 Fed. Appx. 527, 529 (7th Cir. 2008)). The Plaintiff does not allege any facts from which the Court may reasonably infer that Parkview Hospital is a state actor. This same reasoning applies to IFBI, the insurance company of the driver who hit the Plaintiff. Because no facts alleged in the Complaint support an inference that Parkview Hospital or IFBI acted under color of state law, they must be dismissed from this federal § 1983 suit. Not only are Parkview Hospital and IFBE not state actors, but the Complaint allegations involving these Defendants do not support a claim that they deprived the Plaintiff of a federal right. *See Spiegel v. Rabinovitz*, 121 F.3d 251, 254 (7th Cir. 1997) (noting that § 1983 is not itself a source of substantive rights, but acts as an instrument for vindicating federal rights conferred by the Constitution and laws of the United States of America).[2]

---

[2] The Plaintiff's claims against Parkview Hospital and IFBI appear to sound in negligence and thus are derived from state law. But negligence is not a basis for liability under § 1983. *See Harris v. Kuba*, 486 F.3d 1010, 1014 (7th Cir. 2007). This Court may exercise supplemental jurisdiction over state law claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Court does not find the requirements of supplemental jurisdiction satisfied in this case. Although the Plaintiff claims that the officer's conduct is what started the chain of events that ultimately led to the amputation of his leg, this relationship is too tenuous to support supplemental jurisdiction. The claim against the insurance company will depend on facts surrounding the driver's actions and the contract of insurance, and the claims against the hospital will turn on facts related to treatment decisions and the standard of care. Thus, these claims involve a different set of facts from those that will be relevant to whether the officer's seizure of the Plaintiff was reasonable.

## CONCLUSION

Therefore, the Court:

(1) DISMISSES any claims against Parkview Hospital and Indiana Farm Bureau Insurance WITHOUT PREJUDICE;

(2) GRANTS Christopher E. Washington leave to proceed against the Allen County Sheriff's Department for the sole purpose of identifying the plainclothes officer who approached the Plaintiff on Gaywood Drive in Fort Wayne, Indiana, on September 4, 2008;

(3) ORDERS the Allen County Sheriff's Department to appear and respond to discovery for the sole purpose of identifying the plainclothes officer who approached the Plaintiff on Gaywood Drive in Fort Wayne, Indiana, on September 4, 2008;

(4) WAIVES the Allen County Sheriff's Department's obligation to file an answer;

(5) DIRECTS the Clerk of the Court to place the cause number of this case on a blank 42 U.S.C. § 1983 Prisoner Complaint form and mail it to Christopher E. Washington along with a copy of this Opinion and Order;

(6) ORDERS that all discovery shall be initiated by August 1, 2009;

(7) ORDERS Christopher E. Washington to file an amended complaint on or before September 30, 2009, which names the defendant and presents any and all claims that he is asserting against him; and

(8) CAUTIONS Christopher E. Washington that if he does not respond by the deadline this case will be dismissed.

SO ORDERED on June 4, 2009.

       s/ Theresa L. Springmann
       THERESA L. SPRINGMANN
       UNITED STATES DISTRICT COURT